**ORIGINAL**

## UNITED STATES  DISTRICT COURT EASTERN DISTRICT OF NEW YORK

Index No.:

---------------------------------------------------------------------

SHANIQUA ROGERS

PLAINTIFF

-against-

**CV 23-0537**

RECEIVED IN PRO SE OFFICE

JAN 11 2023

EQUIFAX

DEFENDANT                    January 11, 2023

Kovner, J.
Merkl, M.J.

---------------------------------------------------------------------

### Original Complaint

To The Honorable United States District Judge:

### Nature of Action

1.      This is an action for damages brought by the Plaintiff  for Defendant in violation of 15 U.S.C. § 1681. ( hereinafter "FCRA"), the New York General Business Law section 380 (hereinafter GBS) which both requires consumer reporting agencies to maintain a fair and accurate reporting file for consumers to ensure credit for personal, family and household use.

2.      Plaintiff seeks to recover monetary damages for Defendant in violation of the "FCRA" and the New York Fair Credit Act "GBS", and to have an Order of injunction issued by this Court preventing Defendants from continuing its violative behaviors.

3.       Service may be made upon Defendant in any other district which it may be found pursuant to 28  U.S.C. 1331.

### Jurisdiction and Venue

4.      Jurisdiction of this Court arises under  28 U.S.C. 1331.  Venue is proper before this Court pursuant to 28 U.S.C. 1331 and 15 U.S.C. 1681, where this acts and transaction giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district. Under 28 USC 1331, this is a federal question case arising under the United States Constitution or federal laws or treaties.

### Parties

5.      Plaintiff, Shaniqua Rogers ("Plaintiff"), is a natural person residing in Kings County.

6.      Plaintiff is a consumer as defined by the FCRA 15 U.S.C. 1681a(c).

7.      Defendant, EQUIFAX , is an entity who regularly engaged, by use of mail and telephone, in the business of furnishing and reporting Plaintiff's data, as defined as 15 U.S.C. 1681a(f). Defendant is a credit reporting agency. EQUIFAX Headquarters address is 1550 Peachtree St NE, Atlanta, GA 30309.

## **Factual Allegations**

8.    Plaintiff sent letters via USPS with certified receipts and correspondences via CFPB complaints to question the accuracy and completeness furnished on Plaintiff's consumer file in accordance with the requirements of FCRA.

9.     There were accounts and personal information that were furnished inaccurately on Plaintiff's reports.

10.    Each correspondence sent by Plaintiff included a copy of New York State ID and Social Security Card to ensure the correct information of Plaintiff's first name, last name, address, and social security number were submitted to Defendant.

11.    Defendant Equifax did not properly investigate disputes, sent generic letters and failed to provide lawful information about Plaintiff's consumer file and consumer report after numerous requests.

12.    Defendant Equifax violated the Fair Credit Reporting Act.

13.    Defendant Equifax's procedures to furnish and verify information are inaccurate or incomplete.

14.    Because  Defendant Equifax furnished inaccurate information, it caused damage to Plaintiff's credit report and limited Plaintiff's desire to extend credit for personal, family, or household purposes. This hindrance negatively impacts Plaintiff's financial health and limits Plaintiff's means to establish a business.

15.    Because Defendant Equifax furnished inaccurate and incomplete information, Plaintiff faced numerous adverse actions for credit extensions.

16.    Defendant is a credit reporting agency that decided to assume this role and run their elaborate mechanism to prepare, compile, issue, produce, assemble, reissue, report, furnish, and sell credit reports and consumer files.

17.    Because Equifax furnished inaccurate and incomplete information, Plaintiff suffers severe emotional distress, due to its negative impact on Plaintiff's mode of living, personally and familial.

18.    Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's violations of the FCRA, Defendant is liable to Plaintiff for Plaintiff's punitive, actual and statutory damages for concrete harm.

19.    Equifax did not fulfill their duty and breached their duty to report correct information on my consumer file and consumer report. Equifax is responsible for actual damages including and not limited to loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical and emotional distress.

## Cause of Actions

### COUNT I: Fair Credit Reporting Act - Negligence

20.	Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs 1 through 19 herein with the same force and effect as if the same were set forth at length herein.

21.	Equifax did not compile and maintain an accurate consumer file for Plaintiff.

22.	Equifax furnished inaccurate information on Plaintiff's consumer report.

23.	Equifax did not investigate, reinvestigate, and consider Plaintiff's evidence of inaccuracy.

24.	Equifax negligence caused actual damages to Plaintiff's credit worthiness, credit standing, credit capacity, character, and mode of living.

25.	Equifax failed to delete disputed and inaccurate items in respect to FCRA.

27.	Equifax did not delete names, addresses, and other contact information that were inaccurate on Plaintiff's consumer report.

28.	Defendant did not furnish the correct information after years of sending correct information and disputing inaccurate information.

28.	Equifax did not delete, amend and change corrections in respect of time pursuant to FCRA.

29.	Equifax did not label disputed accounts on credit reports, electronically and paper, which is misleading and deceptive to creditors reviewing Plaintiff's credit worthiness.

### COUNT II: The New York Fair Credit Reporting Act: Violation of Statutory Law of New York

30.	Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs 1 through 29 herein with the same force and effect as if the same were set forth at length herein.

31.	Defendant violated NY GBL-GBS 380j(a) by knowingly reporting inaccurate and incomplete information.

32.	Defendant Violation of NY GBL- GBS 380h(a) and (b) ; did not receive a copy of investigative consumer reports after requests.

33.	Pursuant to NY GBL-GBS 380l Defendant is liable to pay actual damages as a result of failure and violations of these laws.

### COUNT III: Title 15: Defamation of Character

34.	Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs 1 through 33 herein with the same force and effect as if the same were set forth at length herein.

35.	Defendant falsely furnished alleged accounts onto plaintiff consumer report lead to adverse action and denied credit for Plaintiff.

### COUNT IV: Title 15: Assumption of Duty

37	Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs 1 through 36 herein with the same force and effect as if the same were set forth at length herein

38.	Defendant falsely obtained the duty of being a consumer reporting agency.

38.    Defendant falsely obtained the duty of being a consumer reporting agency.

39.    Defendant obtained plaintiff nonpublic information without proper disclosure.

40.    Defendant failed to ensure maximum protection on plaintiffs privacy to avoid data breaches.

41.    There is a need to ensure Defendant exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.

40.    Defendant did not fulfill its duty to address, provide reasonable care, and prevent incomplete and inaccurate information on Plaintiff's credit report and consumer file.

41.    Because of the failure of duty, it has damaged Plaintiff's credit reputation and mode of living due to unreasonable care and credit reporting management for Plaintiff.

Under Local Rule of Civil Procedure, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Local Rule.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date ___01 / 11 / 2023_____

Signature of Plaintiff _____

Printed Name of Plaintiff ___Shaniqua Rogers_____

Notary

Date ___01 / 11 / 2023_____

Notary Signature _____

JENNIBA SILLA
NOTARY PUBLIC-STATE OF NEW YORK
No. 01SI6297629
Qualified in Kings County
My Commission Expires 02-24-20_24

**UNITED STATES  DISTRICT COURT EASTERN DISTRICT OF NEW YORK**

Index No.:

-----------------------------------------------------------------------

SHANIQUA ROGERS

PLAINTIFF

    -against-

EQUIFAX

DEFENDANT          January 11, 2023

-----------------------------------------------------------------------

**Invoice**

| | |
|---|---|
| 1. Inquiry Deletions<br>2. Account Deletions<br>3. Violation of 15 USC 1681b(2)<br>4. Violation of 15 USC 1681a(4)<br>5. Violation of 15 USC 1681a(2)<br>6. Violation of 15 USC 1681 False Information Furnished<br>7. Violation of 15 USC 1681 Inaccurate  Contact Information<br>8. Violation of 15 USC 1681  Failure for Reinvestigation Verification<br>9. Actual Damages ……………………………………………………..<br>    a. Denials of Housing<br>    b. Denial of Employment<br>    c. Delay of Employment<br>    d. Denial of Car Loan<br>    e. Emotional Distress<br>    f. Negative Impact of Mode of Living<br>    g. Cause of Divorce<br>    h. Interference with Grievance<br><br>10. Statutory Damages …………………………………………….....<br>    a. Knowing and Willingful Violations<br><br>11. Attorney fees ……………………………………………………… | |
| Total: Three million dollars and zero cents. | **$3,000,000** |

January 2023

To Eastern District Court of New York:

I am Shaniqua Rogers residing at

1420 Freeport Loop apt 9E Brooklyn New York 11239.

With Regards,

/s/Shaniqua Rogers